1

2

3

4

5

6

7

8

FILED

JUL 2 0 2009

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 In re                              Case No. 08-53123 -ASW
                                      Chapter 11
12 JERRY RAY BASSONI,

13              Debtor.
   _____/
14 STEVE SLAWINSKI,                    Adversary No. 08-5273

15              Plaintiff,             **ORDER SETTING TRIAL SETTING**
                                       **CONFERENCE**
16 vs.

17 JERRY RAY BASSONI,

18              Defendant.

19 _____/

20      Good cause appearing, IT IS HEREBY ORDERED that:

21      1.  **Trial Setting Conference:** A trial setting conference will

22 be held on **December 9, 2009 at 3:15 p.m.**  It shall be attended by

23 counsel who will try the matter.  All counsel shall be fully prepared

24 to discuss all aspects of the trial.  The trial setting conference

25 will not be continued without leave of the court.

26      2.  **Discovery**: All discovery shall be completed by

27 **December 15, 2009.**  A separate expert discovery cut-off will be set

28 ORDER FOR TRIAL SETTING CONFERENCE                                    1

by the Court if needed at the trial setting conference.

3. **Trial Setting Conference Statement:** All counsel shall meet and confer not less than <u>twenty</u> days prior to the trial setting conference for pre-trial purposes. By December 2, 2009, the parties shall file, jointly or separately, a TRIAL SETTING CONFERENCE STATEMENT addressing in reasonable detail the following:

A. <u>Substance of the Action</u>: A brief description of the substance of the claims and defenses presented and the issues to be decided.

B. <u>Witness List</u>: A list of all witnesses likely to be called at trial, except for impeachment or rebuttal, including a brief summary of each witness' expected testimony.

C. <u>Exhibits, Schedules and Summaries</u>: A list of all documents and other items to be offered as exhibits at the trial, except for impeachment or rebuttal, with a brief statement following each describing its substance or purpose and the identity of the sponsoring witness.

D. <u>Discovery Evidence</u>: A description of deposition testimony, answers to interrogatories or answers to requests for admission which a party intends to use at trial other than for impeachment or rebuttal.

E. <u>Trial Date</u>: The party's requested trial date and a good faith estimate of the number of trial days expected to be required for the presentation of each party's case.

THE CAPTION OF THE STATEMENT SHALL CONTAIN THE DATE AND TIME OF THE TRIAL SETTING CONFERENCE.

To assist counsel the attachment to this order summarizes the

ORDER FOR TRIAL SETTING CONFERENCE                                    2

court's normal requirements with respect to courtroom procedure.

    4. **Trial Date:** The court anticipates setting a trial date at the conclusion of the trial setting conference. Subject to the court's calendar, calendar conflicts of counsel, and the estimated length of trial, the parties can anticipate trial being set 30 to 90 days following the trial setting conference.

    5. **Judgment:** Final judgment shall be entered by the Bankruptcy Court unless within sixty days after the initial status conference the court rules that this is a non-core proceeding and final judgment should be entered by the District Court.

    6. **Sanctions:** Failure of a party to comply timely with Paragraphs 2 and 3 may result in the exclusion of evidence or the imposition of monetary or non-monetary sanctions.

    7. **Bankruptcy Dispute Resolution Program:** The Bankruptcy Dispute Resolution Program (BDRP) offers a means to resolve disputes quickly, at less cost and often without the stress and pressure of litigation. Methods include mediation, negotiation, early neutral evaluation and settlement facilitation. Parties wishing assignment to the BDRP or to a judicially supervised Settlement Conference should contact Tanya Bracegirdle at (408) 278-7556. The BDRP procedures are explained in B.L.R. 9040-1 *et seq.* A list of available Resolution Advocates and their resumes are available at the Clerk's Office.

DATED: July 20, 2009

*Arthur S. Weissbrodt*
ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

ORDER FOR TRIAL SETTING CONFERENCE 3

# COURTROOM PROCEDURES

**Trial Exhibits**.   The following provisions govern all exhibits except those used for purposes of impeachment or rebuttal.

(a)     All copies of exhibits shall be pre-marked.  Plaintiff's exhibits shall be identified numerically as Exhibit No.100 through 199, 300 through 399 and 500 through 599.  Defendant's exhibits shall be marked numerically as Exhibit No.200 through 299, 400 through 499 and 600 through 699.

(b)     If a party has ten (10) exhibits or less, the exhibits shall be marked with the party's number or letter in the lower right hand corner in ink.  If a party has in excess of ten (10) exhibits, then the party's exhibits shall be assembled in three ring binders.  No binder may exceed three inches in thickness.  The exhibits shall be divided by tabs extending beyond the page on the right hand side and the tab shall bear the number or letter of the exhibit.

(c)     If a party has in excess of 25 exhibits, the party shall contact the Courtroom Deputy and obtain exhibit markers which shall be completed prior to submission of the party's exhibits. Exhibit markers are to be affixed to the lower right hand corner of the exhibit provided, if the marker would cover any information on the exhibit, then the marker is to be affixed to the reverse side of the exhibit.

(d)     Each party shall prepare an Exhibit List in the attached form.  All items shall be completed with the exception of the date boxes pertaining to identification and admittance which are to be left blank.

(e)     The parties shall exchange exhibits, together with a copy of the Exhibit List, seven days prior to trial.

(f)     Not later than one hour prior to the commencement of trial each party shall deliver to the Courtroom Deputy the **original and two** copies of the party's exhibits, together with the **original and two copies** of the party's Exhibit List.

(g)     There shall be sufficient copies of exhibits for all counsel participating in the trial.

(h)     The Court expects the parties to stipulate into evidence all exhibits to which there is no objection.

(i)     The Courtroom Deputy will maintain all exhibits whether marked for identification or admitted in evidence.

**Demonstrative Evidence**.  The use of sketches, models, diagrams, pictures, summaries, charts, and other demonstrative evidence is encouraged.  Summaries may be required by the Court in actions on account, preferences, or other issues involving voluminous documentation of financial transactions.

The courtrooms are equipped with blackboards and a projection screen is available for use either during presentation of the case or during argument.  However, before electronic equipment can be brought into the Courtroom, prior permission of the Court is required so that the U.S. Marshall's Office can arrange for clearance through the first floor security station.

**Deposition Evidence**.  A party intending to offer deposition testimony as part of his or her case in chief pursuant to Fed. R. Civ. P. 32 and Fed. R. Evid. 803 or 804 shall:

(a) At least **ten** days before trial provide to all other parties a notice setting forth the page numbers and line numbers the party intends to offer at trial.

(b) At least **five** days before trial all other parties shall provide to the original party a

notice of any additional portions of the transcript it intends to offer at trial together with any objections including the grounds therefor.

        (c) At least **three** days before trial the offering party shall lodge the original deposition transcript with the Courtroom Deputy and file the notices and objections of all parties.

**Electronic Recording Equipment**. The proceedings are recorded by electronic recording equipment. Counsel are reminded that only one person may speak at a time to avoid overlapping tracks on the tape. The system is quite sensitive but it is helpful if counsel remains in the general vicinity of one of the four microphones located on the counsel tables, the podium, and the witness stand. The system is also capable of repeating a question directed to a witness such as where an objection has been interposed.

**Counsel Tables**. Plaintiff or moving party should utilize the counsel table in the front of, and closest to, the witness stand. The defendant or responding party should utilize the counsel table furthest from the witness stand.

**Witnesses**. Any request to exclude witnesses from the courtroom prior to testimony should be made before opening statements. Witnesses may be called out of order to accommodate subpoenaed witnesses or experts.

A witness may not bring notes, documents, or other papers to the witness stand without permission of the Court. A witness may not be shown such writings during his or her testimony without permission of the Court unless the writings have been marked for identification or admitted in evidence.

**Examination of Witnesses**. Counsel may examine witnesses from the podium, from counsel table, either seated or standing, or may move generally about the courtroom keeping in mind the electronic recording system. Counsel may not approach a witness without obtaining prior permission of the Court.

**Objections and Argument**. Counsel should stand when making evidentiary objections. Closing argument may be made from the podium or counsel may move about the courtroom keeping in mind the electronic recording system.

**Recesses**. Generally trials will begin at 10:00 a.m. and counsel are expected to be prepared to begin promptly at that time. Generally, there will be no morning recess. If the afternoon session is longer that two hours, there will generally be a recess mid-afternoon.

**Attorney Conference Rooms**. Conference rooms are available for use between 8:00 a.m. and 4:30 p.m. As the conference rooms are normally locked for security reasons, please check with the Courtroom Deputy to insure availability. If a conference room is locked upon your arrival at the Courthouse, use the telephone in the Clerk's Office to contact the Courtroom Deputy. Counsel's trial materials may be left in the courtroom during the noon recess provided counsel notifies the Courtroom Deputy at the conclusion of the session so the courtroom may be properly secured.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

A.P. NO._____          DATE_____

CASE NO._____          TRIAL DATE_____

COURTROOM_____          TRIAL TIME_____

_____ vs. _____

## EXHIBIT LIST

( )  Plaintiff          Attorney:_____

( )  Defendant          _____

_____

| EXHIBIT NUMBER/ LETTER | DATE | | DESCRIPTION |
|---|---|---|---|
| | Marked for Identification | Admitted in Evidence | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

UNITED STATES BANKRUPTCY COURT

For The Northern District Of California

```
 1  Court Service List

 2  Office of the U.S. Trustee
    U.S. Federal Bldg.
 3  280 S 1st St. #268
    San Jose, CA 95113-3004
 4
    Eve A. Marsella, Esq.
 5  Clarkson, Gore, and Marsella
    3424 Carson St. #350
 6  Torrance, CA 165797

 7  Steven H. Slawinski
    4040 Spencer St.
 8  Suite Q
    Torrance, CA 90503
 9
    Kathryn S. Diemer, Esq.
10  Diemer, Whitman and Cardosi
    75 E. Santa Clara Street
11  San Jose, CA 95113

12  Jerry Ray Bassoni
    1481 Cherry Garden Lane
13  San Jose, CA 95125

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
        ORDER FOR TRIAL SETTING CONFERENCE                    4
```