```
 1  DIEMER, WHITMAN & CARDOSI, LLP
    KATHRYN S. DIEMER, #133977
 2  75 East Santa Clara Street, Suite 290
    San Jose, California  95113
 3  Telephone:  (408) 971-6270
    Facsimile: (408) 971-6271
 4
    CLARKSON, GORE & MARSELLA, APLC
 5  EVE MARSELLA, #165797
    3424 Carson Street, Suite 350
 6  Torrance, CA 90503

 7  ATTORNEYS FOR Steven H. Slawinski

 8              UNITED STATES BANKRUPTCY COURT

 9              NORTHERN DISTRICT OF CALIFORNIA

10

11  In re:                          )  Case No. 08-53123
                                    )
12  Jerry Ray Bassoni,              )  CHAPTER 11
                                    )
13                                  )  Adversary Proceeding No. 08-5273
                  Debtor.           )
14  _____)  OPPOSITION TO MOTION TO
    Steve Slawinski,                )  QUASH AND/OR LIMIT SUBPOENA
15            Plaintiff             )  DUCES TECUM
                                    )
16  v.                              )
                                    )  Date:   September 23, 2009
    Jerry Ray Bassoni,              )  Time:   2:15 p.m.
17            Defendant             )  Judge:  Honorable Arthur S. Weissbrodt
                                    )
18  _____)
```

### OPPOSITION TO MOTION TO QUASH AND/OR LIMIT SUBPOENA

The defendant Jerry Bassoni has moved to quash and/or limit two subpoenas issued for his bank records in the adversary case no. 08-5273. Mr. Bassoni objects on the basis that the request for documents from the bank is overly broad and requests bank records of other individuals. Diemer, Whitman & Cardosi received his first motion to quash on August 24, 2009 regarding plaintiff's subpoena of Wachovia Bank records.    Diemer, Whitman & Cardosi received the second motion to quash regarding our subpoena to Washington Mutual on August 31, 2009. Mr. Bassoni's notice identifies specifically that any objections are due 10 days before the hearing and both notices advised that the hearing date was set for September 23, 2009 at 2:15p.m.

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 26(b) provides, in pertinent part, that unless otherwise limited by court order, the parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location.

Federal Rule of Civil Procedure 26(b)(1) [hereinafter cited as Rule 26(b)(1)] specifies that a party may obtain discovery about any non-privileged matter that is relevant to any party's claim or defense.

> Unless otherwise limited by court order, the scope of discovery is as follow: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FRCP 26(b)(1).

Rule 26(b)(1) is applicable in bankruptcy adversary proceedings pursuant to Bankruptcy Rule of Procedure 7026.

Rule 26 F.R.Civ.P. applies in adversary proceedings.

B.R.P. 7026.

When a party files bankruptcy, they file a petition which is accompanied by schedules and a statement of financial affairs. The statement of financial affairs states that a party must identify all financial accounts and instruments which have been closed.

> List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.

Statement of Financial Affairs Number 11.

It is of note that Number 11 specifies that such closed accounts is not limited to those accounts in the name of the debtor, but also those held for the benefit of the debtor.

Schedule B requires a Debtor to identify all open financial accounts. The directions

specify that a party must list all such personal property.

> Except as directed below, list all personal property of the debtor of whatever kind.
>
> Schedule B - Personal Property.

On Schedule B, category 2 requires a Debtor to identify all bank accounts.

> 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, an dhomestead associations, or credit unions, brokerage houses, or cooperatives.
>
> Schedule B - Personal Property.

The statement of financial affairs requires that Debtor identify any accounts which he holds for another person.

> List all property owned by another person that the debtor holds or controls.
>
> Schedule of Financial Affairs - 14.

In short, the information which the Plaintiff is asking for from Washington Mutual, and the information which it is asking for from Wachovia, formerly World Savings, is information which the Debtor was required to identify, sua sponte, in his schedules.

It is important to note, that the Debtor is required to sign the Statement of Financial Affairs and the Schedules, under penalty of perjury. Failure to identify bank accounts which are held in your name, even if those bank accounts have joint names, or are held for the benefit of someone else constitutes a violation of the oath contained in the signature under penalty of perjury.

Plaintiff's complaint includes a cause of action for non-dischargeability under 11 U.S.C. Section 523(a)(2). 11 U.S.C. Section 523 authorizes a Court to deny a debtor discharge where the Debtor obtained money from the plaintiff under false pretenses, including false pretenses, or which is obtained through false representations of credit.

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – ... (2) for money, property, services, or an extensions, renewal, or refinancing of credit, to the extent obtained by –(A) false pretense's a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; (B) use of a statement in writing – (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; ...

11 U.S.C. Section 523(a)(2).

In order for the Plaintiff to determine if the Debtor's actions meet the requirements of 11 U.S.C. section 523(a)(2), Plaintiff must obtain the documents at issue. It is certainly rational to believe that the financial information in the Debtor's bank accounts at Wachovia and Washington Mutual are likely to lead to admissible evidence concerning Debtor's finances at both the time of the transactions, which is a critical element to this dispute, and currently.

Further, it is important to note, that when Debtor converted his case to a Chapter 11, Plaintiff filed a second complaint, relating to the non-dischargeability of the Chapter 11. That complaint is identified as Slawinski v. Bassoni, Northern District of California Case Number 09-05185. That complaint includes a cause of action for denial of discharge pursuant to 11 U.S.C. Section 727 (a)(2) and 11 U.S.C. Section 727(a)(4).

Section 727(a)(2) authorizes the Court to deny discharge where a debtor has concealed property of the estate, either before, or after the date of the petition.

> The court shall grant the debtor a discharge, unless – (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed – (A) property of the debtor, wihin one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition. ...

11 U.S.C. Section 727(a)(2).

Debtor's failure to identify bank accounts, which in his motion to quash he admits exist, and which may, or may not involve third parties, is clearly material to the Section 727(a)(2) action in the Number 09-05185 action. Plaintiff should be allowed to obtain the information in order to determine if, in fact, Debtor failed to identify in his petitions, both the Chapter 13, and the Chapter 11, bank accounts in which he had an interest. Or if as Debtor claims, they are accounts in which third parties have interests, but are held in his name, then Plaintiff is entitled to determine the nature of the relationship with the third parties, and the ownership interests in the funds at issue in the accounts.

Section 727(a)(4) prohibits a party from withholding information from an officer of the estate, information about accounts.

4
OPPOSITION TO MOTION TO QUASH AND/OR LIMIT SUBPOENA DUCES TECUM

Case: 08-05273    Doc# 30    Filed: 09/15/09    Entered: 09/15/09 09:50:32    Page 4 of 6

> The court shall grant the debtor a discharge, unless – (d) withheld form an officer of the estate entitled to possession uner this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

11 U.S.C. Section 727(a)(4).

Debtor's failure to identify bank accounts, which in his motion to quash he admits exist, and which may, or may not involve third parties, is clearly material to the Section 727(a)(4) action in the Number 09-05185 action. Plaintiff should be allowed to obtain the information in order to determine if, in fact, Debtor failed to identify in his petitions, both the Chapter 13, and the Chapter 11, bank accounts in which he had an interest, and as such should be denied his discharge.

Although Debtor complains about the scope of the request, he himself admits that the matters at issue go back many years. Limiting the scope as to years does not make sense, given the long period of time at issue. Plaintiff only asked for those accounts belonging to Mr. Bassoni. See Exhibit A and B to Declaration of Kathryn S. Diemer – the two subpoenas. As Debtor failed to identify any joint accounts, it was not possible for Plaintiff to provide any notification to any third parties who might require such notification.

## CONCLUSION

Debtor's motion to quash is completely without merit. Debtor was obligated to provide this information in his schedules. He failed to do so, despite signing those schedules under penalty of perjury. He should not be allowed to avoid his obligations by filing a motion to quash.

Further, the material requested is clearly directly relevant to the non-dischargeability issues surrounding this Debtor. As Debtor refuses to comply with his obligations as a Debtor, Plaintiff was put to the trouble and expense of obtaining the information from the third party vendors. Plaintiff respectfully requests that this Court deny this motion to quash, and order

///////

/////

//////

//////

1 | Wachovia and Washington Mutual to provide the requested documents.

Dated: September 14, 2009                    DIEMER, WHITMAN & CARDOSI, LLP


By: /Kathryn S. Diemer/
    _____
    Kathryn S. Diemer, Esq.
    Attorneys for Plaintiff Steve Slawinski